ADELA SÁRRAGA, demandante y apelada, *v.* JUSTINO VILLALOBOS, demandado y apelante.

Núm. 8375.—*Sometido:* Abril 14, 1942. *Resuelto:* Abril 24, 1942.

*Francisco Navarro Mendín,* abogado del apelante; *Benicio Sánchez Castaño,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Disuelto el vínculo matrimonial que existía entre Justino Villalobos y Adela Sárraga, sin que en la sentencia se hiciera disposición alguna en cuanto a los bienes gananciales habidos durante el matrimonio, en junio 17 de 1939 Adela Sárraga radicó demanda ante la Corte de Distrito de San Juan, en la que alegaba que con posterioridad a la celebración de su matrimonio con Villalobos éste construyó con dinero de la sociedad de gananciales una casa de concreto, valorada en $3,000. Pedía la demandante que se ordenara la liquidación de dichos bienes.

Contestó el demandado alegando que la casa fué construída por él con dinero propio y siendo él soltero, y que los únicos bienes adquiridos durante el matrimonio fueron los del ajuar de casa, valorados en $1,500, los cuales fueron cedidos por él a la demandante al decretarse el divorcio.

La corte inferior dictó sentencia ordenando la liquidación solicitada y disponiendo que la casa descrita en la demanda debía ser incluída en el inventario como un bien ganancial.

No conforme el demandado, interpuso el presente recurso de apelación. Alega que la corte inferior erró:

"1. Al estimar que el matrimonio de las partes se llevó a efecto doce días después de haberse aprobado el proyecto de la edificación de la casa.

"2. Al estimar que la casa no fué construída antes del matrimonio entre las partes.

"3. Al dejar de considerar la circunstancia de que la edificación de la casa en controversia fué comenzada antes de celebrarse las nupcias y con dinero perteneciente exclusivamente al demandado apelante."

Consideraremos los tres señalamientos conjuntamente, pues todos ellos se refieren a la apreciación de la prueba por la corte inferior y envuelven una sola cuestión o sea la de si la casa objeto de este pleito fué o no construída durante el matrimonio entre el demandado apelante y la demandante apelada.

■■ La corte de distrito, después de examinar la evidencia de ambas partes, declaró probados los siguientes hechos:

"Que en enero 16 de 1933 la División de Hogares Seguros arrendó al demandado el solar Núm. 77 de la Calle 10 del Barrio Obrero, teniendo dicho solar una superficie de 207.94 metros cuadrados (*Exhibit* 2 de la demandante); que en marzo 1 de 1933 fué aprobado por el Comisionado del Interior y Presidente de la Comisión de Hogares Seguros un proyecto para la construcción de una casa de hormigón para el demandado en el referido solar, proyecto que en marzo 27 de 1933 fué aprobado por el Departamento de Sanidad. (Exhibits 1 demandante y A demandado).

"Ante una prueba documental tan concluyente no podemos darle crédito alguno a las declaraciones del demandado y su testigo Agustín Ríos tendientes a demostrar que la casa objeto de este litigio fué construída antes del matrimonio de la demandante con el demandado, hecho que ocurrió doce días después de haberse aprobado por el Departamento de Sanidad los planos para la construcción de dicha casa.

"La evidencia demostró que demandante y demandado vivían en concubinato antes de contraer matrimonio, así como que en la construcción de la casa se emplearon cuatro meses y que la misma vale en la actualidad no menos de $2,500. A preguntas de la corte, el demandado manifestó que dicha casa la había construído para irse a vivir a ella con la demandante; que se casó con la demandante en abril 8 de 1933 cuando ya la casa estaba terminada, pero que no fué a vivir a la misma hasta dos meses después de casado. Nos merece más crédito el testimonio de la demandante al declarar que cuando se fueron a vivir a la casa, la misma no estaba terminada, que tendría como dos meses de comenzada su construcción, la que fué comenzada después de estar ella casada con el demandado.

"Si el demandado estaba construyendo la casa para ir a vivir a ella con la demandante, ¿por qué esperar dos meses después de casados y casi tres después de terminada la misma para habitarla con ella? La contestación a esta pregunta no hay que pensarla mucho: toda la tardanza se debió a que la casa no fué construída antes del matrimonio entre demandante y demandado.

"Analizada toda la prueba practicada por las partes, llegamos a la conclusión de que la casa objeto de estos procedimientos es un bien ganancial adquirido durante la existencia del matrimonio entre demandante y demandado, teniendo un valor de $2,500; que de los bienes muebles pertenecientes a la sociedad de gananciales la demandante ha recibido bienes por la suma de $200; y que dicha sociedad de gananciales no ha sido liquidada. Y siendo ello así, procede una sentencia decretando la liquidación de la sociedad de gananciales existente entre demandante y demandado, en cuya liquidación debe inventariarse como un bien perteneciente a la sociedad de gananciales la casa que se describe en la demanda."

Después de un detenido examen de la evidencia, debemos resolver que la de la demandante, a la cual dió entero crédito la corte sentenciadora, era suficiente para justificar las conclusiones de hecho en que se basó la sentencia recurrida. De acuerdo con la declaración de la demandante, cuando ella y Villalobos se casaron fueron a vivir a casa de un amigo; la casa objeto de este litigio se empezó a construir en abril de 1933, estando ya casados; antes de casarse con Villalobos, la demandante estuvo viviendo con él, mientras trabajaba en el Board de Elecciones; ella hizo economías y le dió a él parte

del dinero, como $400, para empezar la casa, la cual se empezó y se terminó estando ya casados; y se mudaron a la casa mucho antes de que estuviese terminada.

La prueba del demandado en cuanto a la procedencia del dinero, a la cual no dió crédito la corte sentenciadora, era insuficiente para destruir la presunción legal de que una casa adquirida por construcción durante el matrimonio es un bien ganancial.

La declaración del demandado está en abierto conflicto con la de la demandante. Habiendo sido resuelto este conflicto a favor de la demandante y no imputándose a la corte inferior pasión, prejuicio o parcialidad en la apreciación de la evidencia, *procede confirmar la sentencia recurrida.*